# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LIBERAL PUBLISHING COMPANY, LLC,**  )<br>)<br>**Plaintiff,**  )<br>)<br>v.  )<br>)<br>**SEWARD COUNTY PUBLISHING, LLC, et al.,**  )<br>)<br>**Defendants.**  )<br>)<br>) | Case No. 08-1383-MLB |

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion to strike paragraphs 12 and 16 from plaintiff's complaint. (Doc. 21).[1] Plaintiff opposes the motion. For the reasons set forth below, the motion shall be DENIED.

## Background

Highly summarized, plaintiff alleges that defendants, while working for plaintiff, set up a competing newspaper in Liberal, Kansas. Plaintiff also alleges that defendants (1) took confidential and proprietary information from plaintiff's computers, (2) solicited plaintiff's employees for the new business while working for plaintiff, (3) made disparaging remarks

---

[1] Plaintiff brings this action individually and on behalf of "others similarly situated." For purposes of editorial clarity the court will refer to plaintiff in the singular.

to plaintiff's employees and customers, and (4) intentionally jammed one of plaintiff's printing machines with paper. Plaintiff's theories include (1) computer fraud, (2) fraudulent misrepresentation, (3) suppression and/or deceit, (4) breach of fiduciary duty, (5) tortious interference with contractual and/or business relations, (6) defamation, (7) conversion, and (8) civil conspiracy.

### Defendants' Motion to Strike

Defendants move to strike portions of paragraphs 12 and 16 of the complaint pursuant to Fed. R. Civ. P. 12(f). Specifically, defendants argue that the court should strike paragraph 12 because (1) it contains false and scandalous accusations of theft, lies and an "illegal plan" and (2) "no defendant has been charged with any crime." Defendants also seek an order striking the last sentence of paragraph 16 describing defendant Watt's compensation while working for plaintiff. As noted above, plaintiff opposes the motion.

Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The standards for granting a Rule 12(f) motion are demanding and summarized by Chief Judge Vratil of this district as follows:

> Rule 12(f) motions are a generally disfavored, drastic remedy. A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may prejudice one of the parties. If the record reveals any doubt as to whether under any contingency a certain matter may raise an issue, the court should deny the motion. If plaintiffs plead evidentiary facts that aid in giving a full understanding of the complaint as a whole, they need not be stricken.

Miller v. Pfizer, Inc., 1999 WL 1063046, at * 3 (D. Kan. Nov. 10, 1999)(citations omitted).

Defendants' motion to strike is approximately one and a half pages long and devoid of any substantive argument or authority. Moreover, the fact that no defendants have been charged with a crime is of little consequence. The allegations in paragraph 12 that defendant Earl Watt (1) "stole [plaintiff's] information," (2) diverted company business, and (3) repeatedly lied is a reasonably accurate summary of the factual allegations set forth in paragraphs 13-48 of plaintiff's complaint. Accordingly, the court declines to strike paragraph 12.

Defendants' request to strike the last sentence of paragraph 16 is similarly denied. The allegation concerning defendant Watt's compensation is relevant to plaintiff's claim that Watt breached his fiduciary duty to plaintiff.[2] Accordingly defendants' motion to strike shall be denied.

---

[2] In addition to being well compensated, Watt was the president and a director of plaintiff's Liberal operation.

-3-

-4-

**IT IS THEREFORE ORDERED** that defendants' motion to strike **(Doc. 21)** is **DENIED.**

Dated at Wichita, Kansas this 2nd day of March  2009.

          S/ Karen M. Humphreys
          _____
          KAREN M. HUMPHREYS
          United States Magistrate Judge