### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LIBERAL PUBLISHING COMPANY, LLC,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **SEWARD COUNTY PUBLISHING, LLC, et al.,** ) <br> ) <br> **Defendants.** ) <br> ) <br> ) | Case No. 08-1383-MLB |

### MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to amend its complaint to assert diversity jurisdiction under 28 U.S.C. § 1332 as an additional basis for subject matter jurisdiction. (Doc. 38). Defendants oppose the motion. For the reasons set forth below, the motion shall be GRANTED.

### Background

Highly summarized, plaintiff alleges that defendants, while working for plaintiff, set up a competing newspaper in Liberal, Kansas. Plaintiff also alleges that defendants (1) took confidential and proprietary information from plaintiff's computers, (2) solicited plaintiff's employees for the new business while working for plaintiff, (3) made disparaging remarks to plaintiff's employees and customers, and (4) intentionally jammed one of plaintiff's

printing machines with paper. Plaintiff's theories include (1) computer fraud, (2) fraudulent misrepresentation, (3) suppression and/or deceit, (4) breach of fiduciary duty, (5) tortious interference with contractual and/or business relations, (6) defamation, (7) conversion, and (8) civil conspiracy.

**Analysis**

The standard for permitting a party to amend his complaint is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[1] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

Defendants oppose plaintiff's motion, arguing that the proposed amendment would be futile because documents filed with the Kansas Secretary of State suggest that Barney

---

[1] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

White, one of the members of plaintiff's limited liability company, resided in Kansas when this case was filed in December 2008. Defendants contend that complete diversity does not exist because defendants Earl Watt, Heather Watt, and Rick Yearick are Kansas residents; therefore, adding the amended language would be futile.

Plaintiff counters that Barney White resided in Kansas from March 1999 until November 1999 when he moved to Crossett, Arkansas to serve as publisher of another newspaper. Plaintiff also alleges that Mr. White resided in Arkansas in December 2008 when this case was filed and remains an Arkansas resident; therefore, diversity of citizenship exists and the proposed amendment is not an exercise in futility.

The court is not persuaded that defendants have shown that plaintiff's proposed amendment is futile as a matter of law. At best, defendants raise a factual question as to whether records concerning plaintiff on file with the Kansas Secretary of State are accurate.[2] Because the court does not resolve factual disputes in ruling on a motion to amend, defendant's futility argument is not a sufficient basis for denying plaintiff's motion. The motion is otherwise timely and defendants are not unduly prejudiced; thus, the motion shall be granted.

---

[2] Plaintiff's "Articles of Organization" on file with the state show Mr. White as plaintiff's "resident agent" in Kansas. Whether or not the Articles should have been amended after Mr. White left Kansas is an issue between Kansas and plaintiff.

-4-

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 38)** is **GRANTED.** Plaintiff shall file and serve the amended complaint on or before May 15, 2009.

Dated at Wichita, Kansas this 5th day of May 2009.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge